IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANGELA DOOLEY and NICHOLAS DOOLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 18-3298 |
| ADAMS COUNTY AMBULANCE and MEDICAL SERVICES and JOHN SIMON, | ) ) ) | |
| Defendants. | ) | |

<u>OPINION</u>

RICHARD MILLS, United States District Judge:

Defendants move for summary judgment.

## I. INTRODUCTION

Plaintiffs Angela Dooley and Nicholas Dooley were married and worked for Defendant Adams County Ambulance and Medical Services. He was a paramedic and she was an emergency medical technician ("EMT"). Defendant John Simon was their boss. Angela Dooley made complaints that she was discriminated against. The Defendants allege there is no evidence to support the contention that her complaints caused the termination of either one of the Plaintiffs.

1

Counts I and II of Plaintiffs' complaint are brought pursuant to the anti-retaliation provision of Title VII and Counts III and IV are brought under state law alleging retaliation.

In Count V, the Plaintiffs contend that Defendant Simon violated their First Amendment rights of association when he implemented a ban on family members working together. The Dooleys do not dispute Simon is entitled to qualified immunity on that issue. Consequently, summary judgment is appropriate on Count V.

The Defendants also move for summary judgment on Counts I-IV.

## II. FACTUAL BACKGROUND

Angela Dooley was employed by Adams County Ambulance from 2008 until September 12, 2018. Nicholas Dooley started working for Adams County Ambulance in 2013 and worked there until his termination on June 21, 2018.

John Simon took over as interim Director of Adams County Ambulance in January of 2017. Adams County Ambulance employed 42 EMTs and paramedics, three captains and three full-time administrative staff.

Nicholas and Angela Dooley met through their employment at Adams County Ambulance and Medical Services. Angela and Nicholas were never full-time partners at work. It was intermittent, dependent on scheduling. Simon felt Angela Dooley was a very good EMT. Simon felt Nicholas Dooley was a good paramedic.

Angela Dooley first filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 26, 2018, claiming discrimination since March 2017 based on her gender.  She filed a second charge with the EEOC on June 27, 2018, and a third on September 13, 2018, claiming retaliation.  Angela felt she was treated differently than all of the other 40 EMTs and paramedics, regardless of whether male or female.  She felt she was treated differently than the other female EMTs and paramedics.  Angela Dooley did not feel there was anyone with whom she was being treated similarly.

Nicholas Dooley filed his charge with the EEOC on April 6, 2018.

On August 27, 2018, Angela Dooley was disciplined for allegedly making a false report; specifically, the investigation found that her complaint regarding a "frat atmosphere" was not made in good faith, consistent with the anti-harassment policy.

On March 27, 2017, Angela and Nicholas Dooley were disciplined for self-dispatching a call for a family member while there was another ambulance available for service.  Angela was not treated significantly worse because of the self-dispatching discipline.  On March 27, 2017, Nicholas was issued a warning for the self-dispatch response out of district to his grandmother's home.  This meeting turned into a "verbal disagreement" wherein Nicholas used an obscenity in the presence of management.  Nicholas was advised that his conduct in the past twelve months was unprofessional, and Nicholas needed anger management.  Angela

Dooley is not aware of any other female that felt they were being treated differently by John Simon. Angela had been "written up" multiple times.

A new policy was implemented on April 27, 2017, that set forth guidelines for being dispatched to a known family member. The policy applied to everyone in the department. On April 27, 2017, an operational policy (the "Related Partners Policy") was implemented by Adams County Ambulance limiting the ability for related individuals to work together as partners on the same ambulance and shift. The Related Partners Policy was implemented along with other operational policies related to Response and Long Distance Transfer Services on April 27, 2017.

Angela Dooley acknowledged that John Simon, as Director, had the responsibility and authority to set these operational policies. Angela acknowledged that Article II, Section I of the Collective Bargaining Agreement gave John Simon, as Director, the power to manage the operations of Adams County Ambulance including to make and enforce reasonable rules of conduct and regulation, to change work schedules and assignment, and to introduce new methods of operations. According to the Defendants, these policies were enacted to establish clear expectations for operations, accountability measures aimed at patient treatment and safety. The Defendants claim the policies were intended to address accountability issues for all employees at Adams County Ambulance because several employees had rules violations and accountability issues. The Plaintiffs contend the policy was

undertaken to be vindictive toward the Dooleys.  When Nicholas Dooley asked why the policy had been implemented, Simon told him that he enacted it because he could.  The Defendants allege that among the reasons for the Related Partners Policy are that if there are incidents regarding workplace violations or patient safety, related partners might lie to protect a family member, rather than be transparent and honest regarding the facts of the incident with a focus on the best interests of the patient. That is, a question of mixed allegiances is possible which could hamper investigation and remediation of any issues.  The Plaintiffs object and claim the policy was based on vindictiveness.

The Related Partners Policy applied to the following relationships: spouse, child, sibling, parent, mother-in-law, father-in-law, grandchild, grandparent, stepparent, stepchild, and domestic partner.  After the policy was implemented, Angela was still eligible for transfer calls.  Neither Angela nor Nicholas Dooley are privy to all the operation issues of Adams County Ambulance and Medical Services. The policy impacted the ability for Angela and Nicholas Dooley to work together; they were not able to work on the same ambulance together due to the policy.

Angela and Nicholas Dooley were not the only employees affected by the policy.  Tom and Heather Landwehr were impacted by the policy.  Kimo and Casey Mercurio were impacted by the policy.  John Camillo and Katherine Medley were impacted by the policy.  Conner Bland and Larry Bland, father and son, were

impacted by the policy and could not work on the same ambulance together.  Joel and John Doellman, as siblings, were prohibited from working on the same ambulance together.  The policy did not just relate to the Dooleys.

After the April 27, 2017 policy was implemented, Nicholas Dooley started filing grievances.  Angela Dooley is not aware of the Related Partners Policy being applied differently to others.  While the policy affected Angela, it was not specific to her.

Angela Dooley was a dues-paying bargaining unit member of International Association of Machinists and Aerospace Workers, Local Lodge 822, District 9 during her employment with Adams County Ambulance.  Angela obtained secondary employment at Midwest Medical Transport ("Midwest") in May 2018, while still employed at Adams County Ambulance and Medical Services.  The Collective Bargaining Agreement (effective October 1, 2016-September 30, 2019) contained a provision for the first time that required prior approval for secondary employment and prohibited employment with a company that that competes with Adams County Ambulance and Medical Services.

The Defendants allege that when Midwest existed, Blessing Hospital might call Midwest instead of Adams County Ambulance and Medical Services.  The Dooleys dispute this statement.  Angela Dooley did not ask for, nor receive permission or approval prior to obtaining secondary employment at Midwest, a

direct competitor to Adams County Ambulance.  When Adams County Ambulance learned of Angela's secondary employment, she was given the option to resign from that employment or be terminated from her position at Adams County Ambulance and Medical Services.  Angela refused to resign her secondary employment at Midwest because she did not think she should have to quit or choose between two jobs.  Angela Dooley was terminated after refusing to resign from Midwest.

The Defendants assert that after the CBA provision regarding secondary employment became effective, the Plaintiffs are unable to point to any other employee who was permitted to work secondary employment without seeking approval.  They further allege Angela does not know of any male or female employees of Adams County Ambulance who were denied prior approval to work for other ambulance entities.  However, the Plaintiffs dispute these allegations and point to a number of individuals who they claim worked for other "competitors" of Adams County Ambulance.

On January 18, 2018, Angela Dooley was disciplined for violating the sexual harassment policy from September 9, 2017 through December 24, 2017, including referring to Katherine Medley as a "bitch."  Angela was given a written warning for her comments toward Medley on January 18, 2018.

Prior to January 2018, paramedics and EMTs worked two weeks in the City of Quincy, and then two weeks at one of the rural locations.  The rural locations

rotated where each employee would rotate around the entire country.   In 2018, a bid-based system was implemented.  Instead of rotating to all the ambulances, an employee would only work for the City of Quincy and one of the rural locations, instead of all locations.

Angela Dooley got the shifts she wanted and the locations she wanted. Nicholas Dooley does not like the policy because he could not be partners with Angela Dooley anymore.  On March 19, 2015, Nicholas was subject to discipline because he used obscenity in the presence of patients and co-workers who complained to management.  At the time, Paul Davis was director of Adams County Ambulance and Medical Services.  As a result of Nicholas's remark, he was issued a written warning.

John Simon changed the way things were done when he became director.  He would show up to work and discipline people.  Nicholas Dooley was not the only one being disciplined at Adams County Ambulance.   Both male and female employees were disciplined.   Employees were being disciplined frequently. Nicholas was disciplined on July 5, 2016, September 16, 2016 and October 25, 2016. In April 2018, there was an allegation that Nicholas was aggressive towards a patient.   Brad Miller, Nicholas Dooley's co-worker and partner, claimed that Nicholas got mad and sprayed water on a patient because the patient spit on Nicholas—an assertion Nicholas disputes.  After attending a meeting about throwing

water on the patient, Nicholas Dooley acknowledged that termination was likely and said "see ya boys."

On May 24, 2018, management was informed of an allegation of aggression towards a patient. Nicholas Dooley was placed on administrative leave as an investigation was conducted. Nicholas received a notice of termination on June 21, 2018. The Defendants allege the termination was related to the April 2018 incident, while Nicholas claims that is a pretext and his termination was retaliatory.

Nicholas Dooley filed a grievance for wrongful termination on June 22, 2018. The Finance Committee of the Adams County Board conducted a hearing and denied the grievance. The union accepted the Finance Committee's decision for the grievance filed by Nicholas regarding his termination.

Independent of Adams County Ambulance and Medical Services and the Adams County Board, the Quincy Area EMS investigated and found that Nicholas Dooley's conduct was in violation of his paramedic certification. The Defendants allege the result of the Quincy Area EMS investigation was a consensus decision made between Sandy Behl, Dr. Solaro and Mike McCarter.

Paramedic Nicholas Dooley was formally reprimanded by Quincy Area EMS. Director Simon has no control over the Quincy Area EMS.

Nicholas Dooley was ordered to complete two separate education de-escalation programs and mental health intervention training before he came back to

work.  Until the de-escalation program was completed, Nicholas could not work for any paramedic units in the Blessing system, including Adams County, Brown County and Hancock County Ambulance.

The Defendants allege Quincy Area EMS found that Paramedic Nicholas Dooley had committed serious infractions of System Policy.

The Defendants seek summary judgment on Counts I and II, claiming that Plaintiffs have failed to show that Adams County Ambulance retaliated in violation of Title VII.  The Plaintiffs contend there are at least factual disputes as to whether Defendants retaliated, thereby precluding the entry of summary judgment.

### III. DISCUSSION

<u>Legal standard</u>

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a).  The Court views the evidence and construes all reasonable inferences in favor of the non-movant.  *See Driveline Systems, LLC v. Arctic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir. 2019).  To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture."  *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted).  "The court does not assess the credibility of witnesses, choose between competing reasonable inferences, or

balance the relative weight of conflicting evidence." *Driveline Systems*, 36 F.3d at 579 (internal quotation marks omitted).  Ultimately, there must be enough evidence in favor of the non-movant to permit a jury to return a verdict in its favor. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

<u>Title VII retaliation</u>

Title VII "prohibits employers from discriminating against an employee 'because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.'" *Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 959 (7th Cir. 2021) (quoting 42 U.S.C. § 2000e-3(a)).  "To survive summary judgment on a timely retaliation claim, plaintiff must offer evidence of: (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Logan v. City of Chicago*, 4 F.4th 529, 538 (7th Cir. 2021).

Regarding the causal connection, the relevant inquiry concerns whether the record contains "sufficient evidence to permit a reasonable fact finder to conclude that retaliatory motive caused the discharge." *Khungar v. Access Community Health Network*, 985 F.3d 565, 578 (7th Cir. 2021).  "To prove causation, the plaintiff must show that the desire to retaliate was the but-for cause of the challenged employment

action." *Eaton v. J.H. Findorff & Son, Inc.*, 1 F.4th 508, 511-12 (7th Cir. 2021) (internal quotation marks omitted). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360 (2013). Suspicious timing is rarely enough to create a factual dispute. *See Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009). "For an inference of causation to be drawn solely on the basis of a suspicious-timing argument, we typically allow no more than a few days to elapse between the protected activity and the adverse action." *Khungar*, 985 F.3d at 578.

### (1) Angela Dooley's retaliation claims

Angela Dooley was terminated from her employment on September 12, 2018. Angela had filed her first charge with the EEOC on January 26, 2018, claiming discrimination since March 2017 due to her gender. Angela filed a second charge with the EEOC on June 27, 2018, and a third on September 13, 2018.

While Angela Dooley is able to meet the first two prongs of a retaliation claim, the Court concludes that Angela is unable to offer evidence of a causal connection between her protected activity and the adverse job action. Nearly eight months passed between Angela's initial charge with the EEOC and her termination. Accordingly, suspicious timing is not a factor.

Defendant Adams County Ambulance and Medical Services cites Angela Dooley's disciplinary history and a pattern of disdain for management and rules set forth by her employer as a reason for her termination. Some of the discipline took place before any protected activity. Angela was disciplined and terminated because she would not follow the conditions of her employment. Specifically, Angela does not dispute she took outside employment with a competitor in direct violation of the CBA, which set the terms and conditions for her work. Angela claims she was treated differently because other employees worked for alleged competitors.

Angela Dooley contends the prohibition on outside employment is a "ridiculous rule" and there is no such thing as competing with a public entity such as Adams County. More importantly, Angela claims the rule was applied in a discriminatory fashion against her. Angela alleges that approximately ten co-workers were permitted to work for so called competitors of Adams County. However, those employees worked for other county ambulance services, not private entities like Midwest Medical Transport. Defendant Simon testified that Midwest was a competitor of Adams County Ambulance. The county services that employed Angela's co-workers were not competitors. Accordingly, Angela is unable to show that she was treated differently. Even if the prohibition on outside employment is "ridiculous," that does not make it discriminatory. The undisputed evidence

establishes that the "but-for" reason for Angela Dooley's termination was her violation of the CBA.

Based on the foregoing, Adams County Ambulance and Medical Services is entitled to summary judgment on Angela Dooley's Title VII retaliation claims.

### (2) Nicholas Dooley's retaliation claims

Nicholas Dooley filed an EEOC charge on April 6, 2018.  He was terminated approximately 2.5 months later following an investigation that Nicholas had been aggressive towards a patient on April 24, 2018.

While Nicholas Dooley is able to meet the first two prongs of a retaliation claim, Nicholas has not offered evidence of a causal connection between his protected activity and his termination.  It is undisputed that Nicholas Dooley was disciplined five times before he filed an EEOC complaint on April 6, 2018. Regarding the April 24, 2018 incident, Brad Miller, Nicholas's co-worker and partner, reported that Nicholas got mad and sprayed water on a patient because the patient spit on Nicholas.  After a meeting regarding the incident, Nicholas acknowledged that termination was likely and said "see ya boys."

There is no factual issue as to why Nicholas Dooley was terminated by Adams County Ambulance and Medical Services.  Nicholas claims in a conclusory fashion that there is no basis for the Defendant's justification and it has submitted nothing

to establish that he engaged in wrongdoing.  Nicholas Dooley alleges this is enough to create an issue for the jury.  However, Nicholas does not dispute that his partner saw him spray water on a patient.  There simply is no admissible evidence contesting the Defendant's claim that Nicholas Dooley's April 2018 conduct and his five disciplinary actions in the prior three years were the reason for his termination. Nicholas acknowledged that termination would be the likely result of his conduct.

For these reasons, the Adams County Ambulance and Medical Services is entitled to summary judgment on Nicholas Dooley's Title VII retaliation claims.

## III. CONCLUSION

Based on the foregoing, Defendant Adams County Ambulance and Medical Services is entitled to summary judgment on Counts I and II of the Plaintiffs' Complaint.  The Plaintiffs have acknowledged that Defendant John Simon is entitled to summary judgment on their First Amendment right of association claims in Count V.

The only other claims asserted in Counts III and IV are brought pursuant to the Illinois Whistleblower Act.  "The usual practice in this circuit is for district courts to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."  *Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017) (internal quotation marks omitted).  Because there are no remaining federal

claims, therefore, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

Ergo, the Motion of Defendants Adams County Ambulance and Medical Services and John Simon for Summary Judgment [d/e 15] is GRANTED.

Counts I, II and V are Dismissed with Prejudice.

Counts III and IV are Dismissed without Prejudice.

The Clerk will enter Judgment and terminate this case.

ENTER: February 8, 2022

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge